UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM STEPHENSON, | No. 2:20-cv-2227 DB P |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF PLACER, | |
| Defendant. | |

Plaintiff, a civil detainee proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983 together with a request for leave to proceed in forma pauperis. (ECF Nos. 1, 2). Plaintiff has not submitted either filing on a proper form.

Also before this court is plaintiff's request that the court vacate its order issued November 18, 2020, which directed plaintiff to refile his in forma pauperis application and civil rights action on the forms that the court provided to him. (See ECF No. 6). For the reasons stated below, the court will deny plaintiff's request and grant him in forma pauperis status. In addition, the court shall order that the complaint be served on the sole named defendant, County of Placer.

**I.    IN FORMA PAUPERIS APPLICATION**

Although plaintiff has not submitted his in forma pauperis request on a proper court form, a review of the document plaintiff has submitted provides sufficient information to enable the

////

1

court to determine his indigent status.  (See generally ECF No. 2).  Therefore, in the interest of expediency, plaintiff's in forma pauperis motion shall be granted.

As a civil detainee, plaintiff is not subject to the Prison Litigation Reform Act's ("PLRA") requirements regarding the payment of administrative fees.[1]  See Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000).  Therefore, an order directing the custodial hospital to collect filing fees from plaintiff's trust account will not issue with this order.

## II.    LEGAL STANDARD

Although plaintiff is a civil detainee rather than a prisoner, he is proceeding in forma pauperis and his complaint is therefore subject to screening under 28 U.S.C. § 1915(e)(2)(B).[2]  Under § 1915(e)(2)(B), the court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," "fail[ ] to state a claim upon which relief may be granted," or "seek[ ] monetary relief from a defendant who is immune from such relief."  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Martin v. Sias, 88 F.3d 774. 775 (9th Cir. 1996).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' "  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotation marks omitted)).  See also Fed. R. Civ. P. 8(e) ("Pleadings shall be so construed as to do justice.").  Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment.  See Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc)).

---

[1] In addition, civil detainees are not subject to the PLRA's administrative exhaustion requirement.  See Page, 201 F.3d at 1140.

[2] See Koch v. Price, No. 1:18-cv-01693-DAD-SAB (PC), 2019 WL 201525, at *1 (E.D. Cal. Jan. 15, 2019) (stating complaint of civil detainee subject to screening under 28 U.S.C. § 1915(e)(2)(B)); see also McClellan v. Marshall, No. CV 08-2293 JFW (JTL), 2008 WL 1902726, at *1 n.1 (C.D. Cal. Apr. 25, 2008) (stating whether prisoner or civil detainee, court screens complaint under same standard pursuant to 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c)(1)).

**III.    PLAINTIFF'S COMPLAINT**

Plaintiff, a civil detainee currently held at Coalinga State Hospital, names Placer County as the sole defendant in this action. (See ECF No. 1 at 1, 3). During the period in question, plaintiff, having previously been committed as a sexually violent predator under California Welfare & Institutions Code § 6604, was awaiting a revocation hearing for having allegedly violated his terms of conditional release. (See id. at 4).

Plaintiff contends that from May 2017 to April 2018, while in the custody of the Placer County Sheriff's Department as a civil detainee, he had continuous treatment under the Sexually Violent Predator Act ("SVPA"). (See ECF No. 1 at 7). As a result, he argues that his Fourteenth Amendment rights were violated when: (1) he was housed in administrative segregation for three weeks and deprived of privileges;[3] (2) he was housed with non-sex offender criminal detainees, and (3) he was removed from the secure housing of administrative segregation without a requisite court order that waived his secure housing placement. (See id. at 4-6, 9).

More specifically, plaintiff argues that his housing conditions, which were more restrictive than those in other protective custody and general population units, violated the law. (See ECF No. 1 at 4-5). He further contends that his placement with inmates who had been "committed under the criminal process" as well as with "non-sex offenders" put his life "at risk of serious harm" and "violated the law" as the placements were done for no legitimate, lawful purpose and therefore, were unlawfully punitive. (See generally id. at 5-6). According to plaintiff, these were official policies, customs and practices of defendant Placer County, and they caused him harm in violation of his Fourteenth Amendment rights. (See id. at 3).

Plaintiff requests damages in the amount of $25,000.00 as well as any other damages and/or injunctions the court deems fit or appropriate. (See generally ECF No. 1 at 10).

**IV.    DISCUSSION**

The Due Process Clause of the Fourteenth Amendment prohibits subjecting civil detainees to conditions that amount to punishment. See generally Jones v. Blanas, 393 F.3d 918, 931-32

---

[3] For example, plaintiff had limited out-of-cell time, having only one hour daily to shower, use the phone and enjoy the dayroom. (See ECF No. 1 at 4-5).

(2004).  A municipal entity is liable under Section 1983 only if a plaintiff can establish that his constitutional injury was caused by employees acting pursuant to the municipality's policies or customs.  See generally Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 691-92, 694 (1978); see also King v. County of Los Angeles, 885 F.3d 548, 558 (9th Cir. 2018) (stating if county's official policies caused particular constitutional violation at issue, it is subject to Section 1983 liability).  In addition, when a SVPA detainee is confined in conditions identical to, similar to, or more restrictive than, those in which his criminal counterparts are held, it is presumed that the detainee is being subjected to "punishment."  See Jones, 393 F.3d at 932.

Given plaintiff's arguments that as a civil detainee defendant Placer County's customs and policies related to his custody and treatment while detained by the Placer County Sheriff's Department violated his Fourteenth Amendment right to more considerate treatment than convicted criminals, liberally construed,[4] plaintiff's allegations state a substantive due process claim against defendant Placer County.  See generally King, 885 F.3d at 556-58.  Therefore, the county will be required to file a response to plaintiff's complaint.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED;

2.  As a civil detainee, plaintiff shall not be required to pay the standard administrative filing fees in order to proceed with this action.  See 28 U.S.C. 1915(h) and 42 U.S.C. 1997e(h); see also Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000), and

3.  Plaintiff's request that the court vacate its order directing plaintiff to refile his complaint and in forma pauperis application (ECF No. 6) is DENIED as moot.

IT IS FURTHER ORDERED that in accordance with 42 U.S.C. § 1983 and 28 U.S.C. § 1915(a)(1) service of the complaint (ECF No. 1) and the cognizable claim therein on defendant County of Placer is appropriate.

////

---

[4] This court is obligated to liberally construe the pleadings of pro se litigants.  See Estelle, 429 U.S. at 106 (stating pro se documents are to be liberally construed); see also Haines v. Kerner, 404 U.S. 519, 520 (1972) (stating pro se pleadings are held to less stringent standard than those drafted by lawyers).

Under separate order, the Clerk of Court will be directed to provide plaintiff with the documents needed to begin the service process.

Dated:  January 4, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER/CIVIL RIGHTS/step2227.scrn.req.den