UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM STEPHENSON, | No. 2:20-cv-02227 DB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| COUNTY OF PLACER, | |
| Defendant. | |

Plaintiff is a civil detainee, proceeding pro se and in forma pauperis, with a civil rights complaint under 42 U.S.C. § 1983. This action proceeds on plaintiff's original complaint, as screened by the court, filed November 6, 2020. (ECF No. 1.) Plaintiff claims his Fourteenth Amendment due process rights were violated by defendant Placer County as a result of defendant's customs and policies related to his treatment while in the custody of the Placer County Sheriff's Department.

Before the court is defendant's motion to dismiss (ECF No. 13) and defendant's motion to strike plaintiff's opposition to the motion to dismiss (ECF No. 15). For the foregoing reasons, the court will recommend that both defendant's motion to strike and motion to dismiss be denied.

////

////

////

1

# BACKGROUND

## I. Procedural Background

Plaintiff is a civil detainee currently housed at Department of State Hospitals, Coalinga. (ECF No. 1 at 2.) At all relevant times to the complaint, the plaintiff was housed at the Placer County Jail during pre-trial proceedings. (Id. at 3.) Plaintiff filed this action pursuant to 42 U.S.C. § 1983 on November 6, 2020. (ECF No. 1.) The court screened the complaint and determined it stated a cognizable claim against defendant Placer County and ordered service appropriate on defendant. (ECF No. 8.)

On March 29, 2021, defendant filed the motion to dismiss presently before the court. (ECF No. 13.) Plaintiff filed an opposition to the motion to dismiss on April 26, 2021. (ECF No. 14.) Defendant filed a motion to strike plaintiff's opposition as untimely and a reply to plaintiff's opposition on April 30, 2021. (ECF No. 15.) On May 10, 2021, plaintiff filed a document entitled "Plaintiff's Reply to Defendant's Reply to Opposition to Motion to Dismiss." (ECF No. 16.) Given that this document appears to only address defendant's motion to strike (see id.), this will be construed as an opposition to defendant's motion to strike.

## II. Factual Allegations

In his complaint, plaintiff alleges the following: while awaiting a revocation hearing for allegedly violating the terms of his release, plaintiff was civilly committed as a sexually violent predator under California Welfare & Institutions Code § 6604. (ECF No. 1 at 4.) Between May 2017 and April 2018, while plaintiff was in the custody of Placer County Sheriff's Department ("PCSD"), plaintiff had continuous treatment under the Sexually Violent Predator Act ("SVPA"). (Id. at 7.) Defendant violated plaintiff's Fourteenth Amendment rights when plaintiff was: (1) housed in administrative segregation for three weeks and deprived of privileges; (2) housed with non-sex offender criminal detainees; and (3) removed from the secure housing of administrative segregation without a court order that waived his secure housing placement. (See id. at 4-6, 9.) Plaintiff's housing conditions were more restrictive than those in the general prison population as well as those in other protective custody units. (See id. at 4-5.) Plaintiff's placement with inmates who had been "committed under the criminal process" as well as with "non-sex

offenders" put his life "at risk of serious harm" and "violated the law" as the placement was done for no legitimate, lawful purpose. (See generally id. at 5-6).  Plaintiff claims that these actions were the result of official policies, customs, and practices of defendant Placer County and that they violated his Fourteenth Amendment rights.  (Id. at 3.)

## MOTION TO STRIKE

Defendant has requested that the court strike plaintiff's opposition as untimely and treat it "as a non-opposition."  (ECF No. 15 at 1-2.)  Defendant argues that because the motion to dismiss was served on March 29, 2021, plaintiff's opposition was untimely as it was filed on filed April 26, 2021, beyond the twenty-one days permitted by Local Rule 230(l).  (Id.)  Plaintiff contends that his opposition was timely as he did not receive the defendant's motion until April 6, 2021, and "placed his opposition in hospital staff's hand—to be mailed but pursuant to the institutional procedures—on April 22, 2021."  (ECF No. 16 at 2.)

Based on the March 29, 2021 date of service, plaintiff's opposition would have been due on April 19, 2021, pursuant to Local Rule 230(l).  Based on this, it appears defendant's request to strike plaintiff's opposition is based on a seven-day delay.  Defendant has not alleged any prejudice as a result of this delay.  It is unclear why defendant believes the court should strike plaintiff's opposition because of a short delay that did not prejudice the defendant.  Defendant should be aware of plaintiff's pro se status as well as the fact that plaintiff is presently in custody.  The Supreme Court has recognized that prisoners face unique mail-related challenges when litigating while incarcerated.  See Houston v. Lack, 487 U.S. 266, 108 (1988).  It does not seem reasonable to strike plaintiff's opposition and treat it as a non-opposition for what appears to have been an inconsequential delay.

In light of plaintiff's prisoner and pro se status, the court's duty to construe pro se filings liberally, plaintiff's contention that he did not receive the defendant's motion until April 6, 2021, and the fact that defendant has not alleged any prejudice, the undersigned will recommend denial of defendant's motion to strike and will consider below plaintiff's opposition filed April 26, 2021.

////

////

Plaintiff is reminded that he does have an obligation to comply with the deadlines set out in the Local Rules and the Federal Rules of Civil Procedure. Should either party believe they are unable to meet any deadlines, they are permitted to request an extension of time from the court.

**MOTION TO DISMISS**

Defendant moves to dismiss this action on the grounds that the complaint fails to state a claim as "plaintiff did not and cannot allege more than a single incident of alleged unconstitutional activity." (ECF No. 13-1 at 1.)

Defendant asserts that the complaint cannot establish that the alleged unconstitutional actions against the defendant were done pursuant to the defendant's policy, practice, or custom as plaintiff "does not allege similar incidents of unconstitutional activity." (Id. at 4.) In his opposition, plaintiff argues that he alleged in the complaint that his rights were violated in due to defendant's policy. (ECF No. 14 at 2.) Plaintiff also cites Whitaker v. Garcetti, 486 F.3d 572, 581 (9th Cir. 2007), to support the proposition that a "bare allegation that conduct complained of conformed to an official policy" is sufficient to withstand a motion to dismiss. (ECF No. 14 at 2.) Defendant's reply appears to only address what defendant believes is plaintiff's misinterpretation of City of Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985). (ECF No. 15 at 2.)

**I.     Standard for Motion to Dismiss**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for motions to dismiss for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The court must accept as true the allegations of the complaint, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and construe the pleading in the light most favorable to plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). A pro se complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic

////

4

recitation of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 556 U.S. at 678.

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curium). The court must give a pro se litigant leave to amend his complaint "unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Bd. Of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court "may 'generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice.'" Outdoor Media Grp., Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citing Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007)).

## II.   Discussion

In the motion to dismiss, much of defendant's argument rests on the assertion that "proof of a single incident of unconstitutional activity is generally not sufficient to impose liability under Monnell." (Id.) (Citations Omitted). In support of this proposition, defendant cites the Ninth Circuit's decision in Meehan v. County of Los Angeles, 856 F.2d 102 (1988) as well as two district court cases from the Northern District of California: Sangraal v. City and County of San Francisco, 2013 WL 3187384 (N.D. Cal. 2013) and Mikich v. County of San Francisco, 2013 WL 897207 (N.D. Cal. 2013). Defendant is correct that these cases indicate that a single incident is generally insufficient for this purpose. See Meehan, 856 F.2d at 107; Sangraal, 2013 WL 3187384, at *15; Mikich, 2013 WL 897207, *17. However, the two orders from the Northern District were made at summary judgment and the Ninth Circuit's ruling was made on appeal

////

5

from a directed verdict from the lower court. See Meehan, 856 F.2d at 103; Sangraal, 2013 WL 3187384, at *1, Mikich, 2013 WL 897207, at *1.

The standard on motion for summary judgment or directed verdict is significantly different from the standard applied on motion to dismiss. On a motion to dismiss, the court must determine if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678. In ruling on a motion to dismiss, the court must accept as true the allegations of the complaint and construe the pleading in the light most favorable to plaintiff. Hospital Bldg. Co., 425 U.S. at 740, Jenkins, 395 U.S. at 421. Even more importantly, the Ninth Circuit has clearly stated that "[i]n this circuit, a claim of municipal liability under [§] 1983 is sufficient to withstand a motion to dismiss even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice." Whitaker, 486 F.3d at 581 (citations omitted) (quoting Galbraith v. County of Santa Clara, 307 F.3d 1119, 1127 (9th Cir. 2002)).

In the complaint, plaintiff states, in part, "the [defendant] by way of the Sheriff's Department is the primary causation of the harm to plaintiff as its official policies, customs, practices, training, and/or the lack thereof are the cause of the harms state herein." (ECF No. 1 at 6.) The complaint also contains multiple allegations that PCSD policy was responsible for the housing that allegedly violated plaintiff's rights. (Id. at 6.) On screening, the court previously found these allegations sufficient to state a claim against defendant for violation of plaintiff's due process rights under the Fourteenth Amendment. (ECF No. 8 at 4.) Taking plaintiff's allegations as true, they still appear at least minimally sufficient to state a claim and to withstand a motion to dismiss. Whitaker, 486 F.3d at 581.

Accordingly, it will be recommended that defendant's motion to dismiss be denied.

////
////
////
////
////

**CONCLUSION**

For the above stated reason, the Clerk of the Court is ORDERED to randomly assign a district judge to this action.

Further, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to strike plaintiff's opposition to defendant's motion to dismiss (ECF No. 15) be denied;
2. Defendant's motion to dismiss (ECF No. 13) be denied; and
3. Defendant be ordered to file a responsive pleading within forty-five days of these findings and recommendations being adopted.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 3, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/R/step2227.mtd

7