UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM STEPHENSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF PLACER,<br><br>　　　　Defendant. | No. 2:20-cv-02227 KJM DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

　　　Plaintiff is a civil detainee, proceeding pro se and in forma pauperis, with a civil rights complaint under 42 U.S.C. § 1983.  This action proceeds on plaintiff's original complaint, as screened by the court, filed November 6, 2020.  (ECF No. 1.)  Plaintiff claims his Fourteenth Amendment due process rights were violated by defendant Placer County as a result of defendant's customs and policies related to his treatment while in the custody of the Placer County Sheriff's Department.

　　　Before the court is defendant's motion to dismiss (ECF No. 13) and defendant's motion to strike plaintiff's opposition to the motion to dismiss (ECF No. 15).  For the foregoing reasons, the court will recommend that both defendant's motion to strike and motion to dismiss be denied.

////

////

////

# BACKGROUND

## I. Procedural Background

Plaintiff is a civil detainee currently housed at Department of State Hospitals, Coalinga. (ECF No. 1 at 2.) At all relevant times to the complaint, the plaintiff was housed at the Placer County Jail during pre-trial proceedings. (Id. at 3.) Plaintiff filed this action pursuant to 42 U.S.C. § 1983 on November 6, 2020. (ECF No. 1.) The court screened the complaint and determined it stated a cognizable claim against defendant Placer County and ordered service appropriate on defendant. (ECF No. 8.)

On March 29, 2021, defendant filed the motion to dismiss presently before the court. (ECF No. 13.) Plaintiff filed an opposition to the motion to dismiss on April 26, 2021. (ECF No. 14.) Defendant filed a motion to strike plaintiff's opposition as untimely and a reply to plaintiff's opposition on April 30, 2021. (ECF No. 15.) On May 10, 2021, plaintiff filed a document entitled "Plaintiff's Reply to Defendant's Reply to Opposition to Motion to Dismiss." (ECF No. 16.) Given that this document appears to only address defendant's motion to strike (see id.), this will be construed as an opposition to defendant's motion to strike.

The court previously issued findings and recommendations on these motions. (ECF No. 18.) Defendant filed objections on December 23, 2021 (ECF No. 19) and plaintiff filed a reply on January 13, 2022 (ECF No. 21). After considering the arguments raised by the parties in these filings, the court will now vacate its December 6, 2021 findings and recommendations (ECF No. 18) and issue these findings and recommendations as to defendant's motion to dismiss (ECF No. 13) and motion to strike (ECF No. 15).

## II. Factual Allegations

In his complaint, plaintiff alleges the following: while awaiting a revocation hearing for allegedly violating the terms of his release, plaintiff was civilly committed as a sexually violent predator under California Welfare & Institutions Code § 6604. (ECF No. 1 at 4.) Between May 2017 and April 2018, while plaintiff was in the custody of Placer County Sheriff's Department ("PCSD"), plaintiff had continuous treatment under the Sexually Violent Predator Act ("SVPA"). (Id. at 7.) Defendant violated plaintiff's Fourteenth Amendment rights when plaintiff was: (1)

2

housed in administrative segregation for three weeks and deprived of privileges; (2) housed with non-sex offender criminal detainees; and (3) removed from the secure housing of administrative segregation without a court order that waived his secure housing placement.  (See id. at 4-6, 9.)  Plaintiff's housing conditions were more restrictive than those in the general prison population as well as those in other protective custody units.  (See id. at 4-5.)  Plaintiff's placement with inmates who had been "committed under the criminal process" as well as with "non-sex offenders" put his life "at risk of serious harm" and "violated the law" as the placement was done for no legitimate, lawful purpose. (See id. at 5-6).  Plaintiff claims that these actions were the result of official policies, customs, and practices of defendant Placer County and that they violated his Fourteenth Amendment rights.  (Id. at 3.)

## MOTION TO STRIKE

Defendant has requested that the court strike plaintiff's opposition as untimely and treat it "as a non-opposition." (ECF No. 15 at 1-2.)  Defendant argues that because the motion to dismiss was served on March 29, 2021, plaintiff's opposition was untimely as it was filed on filed April 26, 2021, beyond the twenty-one days permitted by Local Rule 230(l).  (Id.)  Plaintiff contends that his opposition was timely as he did not receive the defendant's motion until April 6, 2021, and "placed his opposition in hospital staff's hand—to be mailed but pursuant to the institutional procedures—on April 22, 2021."  (ECF No. 16 at 2.)

Based on the March 29, 2021 date of service, plaintiff's opposition would have been due on April 19, 2021, pursuant to Local Rule 230(l).  Based on this, it appears defendant's request to strike plaintiff's opposition is based on a seven-day delay.  Defendant has not alleged any prejudice as a result of this delay.  It is unclear why defendant believes the court should strike plaintiff's opposition because of a short delay that did not prejudice the defendant.  Defendant should be aware of plaintiff's pro se status as well as the fact that plaintiff is presently in custody.  The Supreme Court has recognized that prisoners face unique mail-related challenges when litigating while incarcerated.  See Houston v. Lack, 487 U.S. 266, 108 (1988).  It does not seem reasonable to strike plaintiff's opposition and treat it as a non-opposition for what appears to have been an inconsequential delay.

3

In light of plaintiff's prisoner and pro se status, the court's duty to construe pro se filings liberally, plaintiff's contention that he did not receive the defendant's motion until April 6, 2021, and the fact that defendant has not alleged any prejudice, the undersigned will recommend denial of defendant's motion to strike and will consider below plaintiff's opposition filed April 26, 2021.

Plaintiff is reminded that he does have an obligation to comply with the deadlines set out in the Local Rules and the Federal Rules of Civil Procedure. Should either party believe they are unable to meet any deadlines, they are permitted to request an extension of time from the court.

## MOTION TO DISMISS

Defendant moves to dismiss this action on the grounds that the complaint fails to state a claim as "plaintiff did not and cannot allege more than a single incident of alleged unconstitutional activity." (ECF No. 13-1 at 1.) Defendant asserts that the complaint cannot establish that the alleged unconstitutional actions against the defendant were done pursuant to the defendant's policy, practice, or custom as plaintiff "does not allege similar incidents of unconstitutional activity." (Id. at 4.) Defendant argues that a "single incident" of alleged constitutional activity cannot support liability under Monell. (Id.) In his opposition, plaintiff argues that he alleged in the complaint that his rights were violated due to defendant's policy. (ECF No. 14 at 2.) Plaintiff also cites Whitaker v. Garcetti, 486 F.3d 572, 581 (9th Cir. 2007), to support the proposition that a "bare allegation that conduct complained of conformed to an official policy" is sufficient to withstand a motion to dismiss. (ECF No. 14 at 2.) Defendant's reply appears to only address what defendant believes is plaintiff's misinterpretation of City of Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985). (ECF No. 15 at 2.)

**I.      Standard for Motion to Dismiss**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for motions to dismiss for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

1   for the misconduct alleged." Id.  The court must accept as true the allegations of the complaint,
2   Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and construe the pleading
3   in the light most favorable to plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  A pro se
4   complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic
5   recitation of the elements of a cause of action, supported by mere conclusory statements." Iqbal,
6   556 U.S. at 678.

7        A motion to dismiss for failure to state a claim should not be granted unless it appears
8   beyond doubt that the plaintiff can prove no set of facts in support of his claims which would
9   entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v.
10  Gibson, 355 U.S. 41, 45-46 (1957)).  Pro se pleadings are held to a less stringent standard than
11  those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curium).  The court
12  must give a pro se litigant leave to amend his complaint "unless it determines that the pleading
13  could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122,
14  1127 (9th Cir. 2000) (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)).  However,
15  the court's liberal interpretation of a pro se complaint may not supply essential elements of the
16  claim that were not pled.  Ivey v. Bd. Of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir.
17  1982).  In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court "may 'generally
18  consider only allegations contained in the pleadings, exhibits attached to the complaint, and
19  matters properly subject to judicial notice.'" Outdoor Media Grp., Inc. v. City of Beaumont, 506
20  F.3d 895, 899 (9th Cir. 2007) (citing Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007)).

21  **II.     Discussion**

22       In the motion to dismiss, defendant mainly argues that the complaint fails to state a
23  Monell claim as plaintiff has only alleged a single incident of institutional activity.  (ECF No. 13-
24  1 at 4.)  In support, they rely on Meehan v. County of Los Angeles, 856 F.2d 102 (9th Cir. 1988).
25  (Id.)  In Meehan, the Ninth Circuit affirmed the district court's decision to grant a motion for a
26  directed verdict following the conclusion of plaintiffs' case in chief at trial.  Meehan, 856 F.2d at
27  107.  In doing so, the court found that plaintiff-appellants had failed to establish the existence of
28  "an official policy of harassment or of nonintervention" as they had only shown a single incident

1    of unconstitutional activity.  Id.  The court determined that "proof of a single incident of
2    unconstitutional activity is generally not sufficient to impose liability under Monell."  Id. (quoting
3    City of Oklahoma v. Tuttle, 471 U.S. 808, 823-24 (1985)).  Defendant also cites a number of
4    similar decisions from district courts.  (See ECF No. 13-1 at 4.)

5    As noted by plaintiff, the Ninth Circuit previously stated that "[i]n this circuit, a claim of
6    municipal liability under [§] 1983 is sufficient to withstand a motion to dismiss even if the claim
7    is based on nothing more than a bare allegation that the individual officers' conduct conformed to
8    official policy, custom, or practice."  Whitaker, 486 F.3d at 581 (citations omitted) (quoting
9    Galbraith v. County of Santa Clara, 307 F.3d 1119, 1127 (9th Cir. 2002)).  Following Ashcroft v.
10   Iqbal, 556 U.S. 662 (2009), Ninth Circuit clarified that a complaint "may not simply recite the
11   elements of a cause of action, but must contain sufficient allegations of underlying facts to give
12   fair notice and to enable the opposing party to defend itself effectively."  AE ex rel. Hernandez v.
13   Cty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (quoting Starr v. Baca, 652 F.3d 1202, 1216
14   (9th Cir. 2011)).

15   In the present complaint, plaintiff states that "the [defendant] by way of the Sheriff's
16   Department is the primary causation of the harm to plaintiff as its official policies, customs,
17   practices, training, and/or the lack thereof are the cause of the harms state herein."  (ECF No. 1 at
18   6.)  Plaintiff alleges that "all who are booked into county jail under the SVPA" face the same
19   housing and conditions of confinement that plaintiff claims violate his rights.  (ECF No. 1 at 8)
20   ("The way this plaintiff is classified, housed and his conditions of confinement is the same to all
21   who are booked into County Jail under the [SVPA]").  Plaintiff also alleges that this is because
22   defendant has no policy regarding these civil detainees (Id. at 6) and has no specific housing unit
23   for them (Id. at 8).  Plaintiff claims that defendant's policies, or lack thereof, violated the rights of
24   all individuals housed by Placer County under the SVPA.  (Id.)

25   The complaint states a claim and is sufficient to withstand a motion to dismiss as it
26   contains sufficient factual allegations to give fair notice to enable the opposing party to defend
27   itself.  AE ex rel. Hernandez, 666 F.3d at 637; Whitaker, 486 F.3d at 581.  The allegations clearly
28   state that plaintiff and all those booked into jail under the SVPA in Placer County have been

1  subject to a violation of constitutional rights due to defendant's housing policies.  (ECF No. 1 at
2  8.)  Taken as true and in the light most favorable to the plaintiff, the claim that all SVPA civil
3  detainees in Placer County suffered this same violation of rights as a result of defendant's policy
4  necessarily involves multiple instances of unconstitutional activity.[1]  As such, these allegations
5  satisfy the requirement that a Monell claim not be based on a single incident of unconstitutional
6  activity.  Meehan, 856 F.2d at 107.  More broadly, they are sufficient to establish a Monell claim
7  as, under the facts alleged, defendant failed to implement policies with deliberate indifference to
8  plaintiff's constitutional rights, resulting in injury to plaintiff.  Castro v. County of Los Angeles,
9  833 F.3d 1060, 1075 (9th Cir. 2016); See Young v. City of Visalia, 687 F. Supp. 2d 1141, 1149
10 (E.D. Cal. 2009); See also Long v. County of Los Angeles, 442 F.3d 1178, 1190 (9th Cir. 2006)
11 ("a county's lack of affirmative policies or procedures to guide employees can amount to
12 deliberate indifference").
13     Plaintiff has plainly stated how defendant's policies violated constitutional rights,
14 identified who was affected by these violations, and provided factual allegations in support of
15 these claims.  (ECF No. 1 at 6, 8.)  These allegations provide defendant with clear notice of the
16 underlying facts and scope of plaintiff claims and enable defendant to effectively defend itself.
17 AE ex rel. Hernandez, 666 F.3d at 637.  Plaintiff's complaint contains sufficient factual
18 allegations to state a Monell claim and withstand defendant's motion to dismiss.  Accordingly, it
19 will be recommended that defendant's motion to dismiss (ECF No. 13) be denied.
20 ////
21 ////
22 ////
23 ////
24 ////

---

[1] As noted above, the ruling in Meehan concerned a directed verdict issued following plaintiffs' presentation of evidence at trial.  856 F.2d 102 at 104.  Here, the court is considering a motion to dismiss.  Only the factual allegations contained within the complaint are before the court.  Iqbal, 556 U.S. at 678.  These allegations must be taken as true and construed in the light most favorable to the plaintiff.  Hospital Bldg. Co., 425 U.S. at 740, Jenkins, 395 U.S. at 421; See also AE ex rel. Hernandez, 666 F.3d at 636.

**CONCLUSION**

For the reasons stated above, IT IS HEREBY ORDERED that the findings and recommendations issued December 6, 2021 (ECF No. 18) are vacated.

Further, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to strike plaintiff's opposition to defendant's motion to dismiss (ECF No. 15) be denied;
2. Defendant's motion to dismiss (ECF No. 13) be denied; and
3. Should these findings and recommendations be adopted, defendant be ordered to file a responsive pleading within forty-five days.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 7, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/R/step2227.mtd(2)