1

2

3

4

5

6

7

8                                 UNITED STATES DISTRICT COURT

9                            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    WILLIAM STEPHENSON,                          No.  2:20-cv-2227 DJC DB P

12                       Plaintiff,

13          v.                                      ORDER

14    COUNTY OF PLACER,

15                       Defendant.

16

17          Plaintiff is a civil detainee proceeding pro se and in forma pauperis with this civil rights

18    action seeking relief pursuant to 42 U.S.C. § 1983.  He challenges his housing classification and

19    conditions of confinement while he was detained at the Placer County Jail from May 2017 to

20    April 2018.  (See ECF No. 39.)  Presently before the court is plaintiff's motion for modification

21    of the discovery and scheduling order.  (ECF No. 41).  For reasons provided below, the court will

22    grant in part and deny in part the motion.

23                                           **BACKGROUND**

24          On March 8, 2023, the court issued a discovery and scheduling order in this action.  (ECF

25    No. 33.)  Under the order, the parties could conduct discovery until July 7, 2023.  (Id. at 5.)  The

26    parties had until that date to file any motion to compel discovery.  (Id.)  All requests for discovery

27    pursuant to Federal Rules of Civil Procedure 31, 33, 34 or 36 were to be served on or before May

28    8, 2023.  (Id.)

                                                        1

1    On March 15, 2023, plaintiff served defendant Placer County with interrogatories,

2    requests for admissions, and a request for the production of documents.  (ECF No. 41 at 1.)

3    Defendant responded to the requests on May 1.  (Id.)  Plaintiff served a second set of discovery

4    requests on June 1.  (ECF No. 42 at 2.)

5    On July 6, 2023, plaintiff filed the instant motion for modification of the discovery and

6    scheduling order, which was docketed on July 20, 2023.[1]  (See ECF No. 41 at 4.)  Defendant filed

7    an opposition (ECF No. 42) and plaintiff filed a reply (ECF No. 43).

8    **MOTION FOR MODIFICATION OF THE DISCOVERY AND SCHEDULING ORDER**

9    **I.      The Parties' Filings**

10   **A.  Plaintiff's Motion**

11   In his motion, plaintiff asks the court to permit the parties to conduct discovery until

12   November 1, 2023.  (ECF No. 41 at 3.)  He further requests that "the court compel defendants

13   [sic] to respond to plaintiffs [sic] set two discovery requests and to produce all documents (set

14   one included) requested within 30 days of this order."  (Id.)

15   Plaintiff takes issue with the following aspects of defendant's responses to his March 15

16   discovery requests:

17   • Defendant objected to Interrogatories 2, 3, and 4 as "vague and compound as to the

18      special definition of" the terms "Ad-Seg," "GP," and "PC."  (ECF No. 41 at 1.)

19   • Defendant objected to Interrogatory 11 as "vague as to term 'housing unit.'"  (Id.)

20   • Defendant objected to Interrogatory 8 as "premature," because it was still conducting

21      discovery.[2]  (Id. at 1–2.)

22   ////

23

---

24   [1] Under the prison mailbox rule, a document is deemed served or filed on the date a prisoner signs
     the document and gives it to prison officials for mailing.  See Houston v. Lack, 487 U.S. 266, 276

25   (1988) (establishing the prison mailbox rule); Campbell v. Henry, 614 F.3d 105, 1059 (9th Cir.
     2010) (applying the mailbox rule to both state and federal filings by incarcerated inmates).

26
     [2] Plaintiff did not file copies of Interrogatories 2, 3, 4, 8, and 11 or defendant's responses to them.

27   In its opposition, defendant does not discuss its responses to plaintiff's interrogatories or provide
     copies of its responses.  The court will therefore assume that defendant objected to these

28   interrogatories on the grounds stated by plaintiff.

2

- Defendant's response to plaintiff's request for production gave an identical response to requests 1, 2, 3, and 4, and advised plaintiff that "all requested documents would be produced for inspection and copying with arrangements to be made for date, time, and location of inspection." (Id. at 2.)

Eight days after receiving defendant's responses, plaintiff sent defendant a meet-and-confer letter to clarify defendant's objections and to "propose an alternative method for both parties to procure requested documents" because plaintiff was confined at Coalinga State Hospital. (Id.) Plaintiff states that defendant never responded to his letter. (Id. at 2.) "Having received no response from defendant on his clarifying meet and confer letter," plaintiff served another set of discovery requests. (Id.) Defendant did not respond to these requests. (Id.)

## B. Defendant's Opposition

Defendant argues that plaintiff was not diligent in his efforts to resolve the discovery dispute before seeking to modify the discovery and scheduling order, and that his motion was untimely.[3] (ECF No. 42 at 2.) According to defendant, the proper course of action would have been for plaintiff to file a motion to compel after "the meet and confer efforts failed." (Id.) Defendant further notes that plaintiff served his second set of discovery requests after the May 8 deadline. (Id.)

## II.    Legal Standards

### A. Rule 16

"Rule 16(b) of the Federal Rules of Civil Procedure authorizes the district court to control and expedite pretrial discovery through a scheduling order." FMC Corp. v. Vendo Co., 196 F. Supp. 2d 1023, 1030 (E.D. Cal. 2002). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Rule 16(b)'s "'good cause' requirement focuses primarily on the party's diligence and its reasons for not acting sooner." City of Lincoln v. County of Placer, --- F. Supp. 3d ---, 2023 WL 2776091, at *6 (E.D. Cal. 2023). "If a party was not diligent, the inquiry should end." Vendo Co., 196 F. Supp. 2d at 1030 (quoting Johnson

---

[3] Defendant states that plaintiff filed the motion on July 20, 2023. (ECF No. 42 at 2.) However, as noted above, under the mailbox rule, the motion was deemed filed on July 6, 2023. See supra note 1.

1  v. Mammoth Recs., Inc., 975 F.2d 604, 609 (9th Cir. 1992)).  "The decision to modify a

2  scheduling order is within the broad discretion of the district court."  Id.

3  **B.  Motions to Compel – Rule 37**

4  Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may

5  move for an order compelling an answer, designation, production, or inspection."  Fed. R. Civ. P.

6  37(a)(3)(B).  The court may order a party to provide further responses to an "evasive or

7  incomplete disclosure, answer, or response."  Fed. R. Civ. P. 37(a)(4).  "District courts have

8  'broad discretion to manage discovery and to control the course of litigation under Federal Rule

9  of Civil Procedure 16.'"  Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting

10  Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

11  The party moving to compel bears the burden of informing the court (1) which discovery

12  requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why

13  the party believes the response is deficient, (4) why any objections are not justified, and (5) why

14  the information sought through discovery is relevant to the prosecution of this action.  McCoy v.

15  Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v.

16  Cambra, No. 1:02-cv-5646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).

17  The purpose of discovery is to "remove surprise from trial preparation so the parties can

18  obtain evidence necessary to evaluate and resolve their dispute."  United States v. Chapman

19  Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted).  Rule 26(b)(1) of

20  the Federal Rules of Civil Procedure offers guidance on the scope of discovery permitted:

21  
22  
23  
24  
25  
> Parties may obtain discovery regarding any nonprivileged information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

26  "Relevance for purposes of discovery is defined very broadly."  Garneau v. City of

27  Seattle, 147 F.3d 802, 812 (9th Cir. 1998).  "The party seeking to compel discovery has the

28  burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1).

4

Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." <u>Bryant v. Ochoa</u>, No. 07cv200 JM (PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (internal citation omitted).

**III.    Analysis**

Plaintiff styled his motion as a motion for modification of the discovery and scheduling order, but also requests that the court "compel defendants [sic] to respond to plaintiffs [sic] set two discovery requests and to produce all documents (set one included) requested within 30 days of this order." (ECF No. 41 at 3.)  It is not clear whether plaintiff also seeks to compel defendant to clarify or supplement its allegedly deficient responses to plaintiff's March 15 discovery requests, but his discussion regarding these responses indicates that he would like the court to address them as well.  (<u>See</u> ECF No. 41 at 1–2.)  In general, courts construe motions brought by pro se litigants liberally.  <u>Henry v. Chapa</u>, No. 1:07-CV-00336 DGC, 2009 WL 602993, at *1 (E.D. Cal. 2009); <u>see also</u> <u>Draper v. Coombs</u>, 792 F.2d 915, 924 (9th Cir. 1986).  Accordingly, the court will construe plaintiff's motion as a motion to modify the discovery and scheduling order and to compel discovery.

For reasons discussed below, the court will grant in part and deny in part plaintiff's motion.  That portion of the motion requesting an order compelling discovery will be denied without prejudice.

**1.  Request to Compel Discovery**

Plaintiff submitted the motion on July 6, 2023, one day before the deadline to file such motions.  (<u>See</u> ECF No. 33 at 5.)  His request to compel discovery is therefore timely.  However, it does not satisfy the requirements of Rule 37.  Specifically, plaintiff did not include with the motion copies of the March 15 discovery requests at issue or defendant's responses to them. Further, he has not explained why he believes defendant's objections to Interrogatories 2, 3, 4 and 11 are not justified, or why the information he seeks through the disputed discovery requests is relevant to his claim.  As the moving party, plaintiff bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are

disputed, (3) why the party believes the response is deficient, (4) why any objections are not

justified, and (5) why the information sought through discovery is relevant to the prosecution of

this action.  McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 WL 3196738, at *1 (E.D. Cal.

June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D.

Cal. Mar. 27, 2008).

Additionally, because plaintiff's second set of discovery requests was served after the

May 8 deadline for serving discovery requests, the court will not require defendant to respond to

it.  (See ECF No. 33 at 5.)

For these reasons, plaintiff's request to compel discovery is denied without prejudice.

Because defendant does not deny that it failed to respond to plaintiff's meet-and-confer letter,

plaintiff will be granted thirty days in which to confer with defendant regarding defendant's

responses to his March 15 discovery requests.  The parties are advised that the discovery process

"should be cooperative and largely unsupervised by the district court."  Sali v. Corona Regional

Medical Center, 884 F.3d 1218, 1219 (9th Cir. 2018); see also McNeil v. Hayes, No. 1:10–cv–

01746 AWI SKO PC, 2013 WL 5954861, at *3 (E.D. Cal. Nov. 7, 2013) ("Given how

overburdened the Eastern District of California is, the Court encourages the parties to attempt to

informally resolve discovery issues before seeking judicial intervention.").

Should the parties' efforts to resolve this issue prove unsuccessful, plaintiff may file any

motion necessary to compel defendant's response to his March 15 discovery requests, not later

than forty-five days from the date of service of this order.  See Fed. R. Civ. P. 37(a).  The motion

must comply with the requirements set forth below.  Defendant's response to the motion to

compel and any reply by plaintiff shall be filed in accordance with Local Rule 230(l).

### 2.  Motion for Modification of the Discovery and Scheduling Order

The court finds good cause to modify the discovery and scheduling order, because the

parties' filings indicate that plaintiff has been unsuccessful in resolving his discovery dispute with

defendant, despite diligent efforts to do so.  The parties agree that, prior to the July 7 deadline for

discovery, plaintiff sent a meet-and-confer letter in order to clarify defendant's responses to his

March 15 discovery requests.  (ECF No. 41 at 2; ECF No. 42 at 2.)  Plaintiff alleges that

1  defendant never responded to his letter, and defendant does not directly deny this allegation.

2  (ECF No. 41 at 2; ECF No. 42 at 3.)  It simply notes that "[p]laintiff began his meet and confer

3  efforts with Defendant on May 17, 2023" and that "[s]hortly thereafter, the meet and confer

4  efforts failed," without explaining what these efforts entailed or why they failed.  (Id.)

5        Plaintiff also states that he cannot access the documents that defendant determined were

6  responsive to his production requests.  (ECF No. 41 at 2.)  According to plaintiff, defendant stated

7  that these documents "would be produced for inspection and copying with arrangements to be

8  made for date, time, and location of inspection."  (Id.)  However, plaintiff is confined at Coalinga

9  State Hospital, and requested in his meet-and-confer letter that the parties identify another means

10 for him to access these documents.  (Id.)  Plaintiff has a right to review the documents that

11 defendant deemed responsive to his March 15 production requests.  See Shoen v. Shoen, 5 F.3d

12 1289, 1292 (9th Cir. 1993); In re Nat'l Western Life Ins. Deferred Annuities Litigation, No.

13 05CV1018–JM(LSP), 2007 WL 7271552, at *2 (S.D. Cal. Aug. 22, 2007).  The court believes

14 additional time will allow the parties to ascertain other means for plaintiff to review these

15 documents.

16       Defendant argues that plaintiff "failed to take the proper avenues to address his issues

17 with Defendant's discovery responses" when he did not file a motion to compel after "the meet

18 and confer efforts failed" in late May.  (ECF No. 42 at 3.)  However, "[t]he Federal Rules

19 strongly encourage parties to resolve discovery disputes privately and discourage them from

20 seeking needless court intervention."  Jarjour v. Unitrin Auto & Home Ins. Co., No. C13–2227–

21 JCC, 2014 WL 3563291, at *1 (W.D. Wash. July 18, 2014).  Plaintiff's actions reflect diligent

22 efforts to resolve the dispute before filing the instant motion.  He sent the meet-and-confer letter a

23 week after he says he received defendant's responses to his March 15 discovery requests.  (ECF

24 No. 41 at 2.)  Plaintiff then served another discovery request on June 1, after failing to receive a

25 response to his May 17 letter.  (ECF No. 42 at 2; see ECF No. 41 at 2.)  Although the parties

26 could not serve discovery requests after May 8, plaintiff suggests that he sent the second set of

27 discovery requests to acquire information he had been unable to obtain through his March 15

28 ////

requests or a meet-and-confer with defendant.  (See ECF No. 41 at 2.)  He then submitted the

instant motion on July 6, before the deadline for filing discovery motions.  (See id.)

Accordingly, the court will modify the discovery and scheduling order as set forth below,

to allow the parties additional time to resolve their discovery dispute.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that:

1.  Plaintiff's motion for modification of the discovery and scheduling order (ECF
    No. 41) is granted in part and denied in part.

2.  That portion of the motion (ECF No. 41) requesting that the court compel
    defendant to respond to plaintiff's discovery requests is denied without prejudice.

3.  The discovery and scheduling order (ECF No. 33) is modified as follows:

    a.  Not later than thirty days from the date of service of this order, the parties
        shall confer to:

        i.  Resolve any pending disputes regarding defendant's responses to
            plaintiff's March 15, 2023, discovery requests; and

        ii.  Make alternative arrangements for plaintiff to review documents
             deemed responsive to his March 15, 2023, requests for production.

    b.  Plaintiff may file a motion to compel not later than forty-five days from the
        date of service of this order.  Any motion to compel shall:

        i.  Identify which interrogatories, requests for admissions, or requests
            for production are the subject of the motion to compel, along with
            copies of those requests;

        ii.  Identify which of defendant's responses plaintiff is disputing, along
             with copies of those responses;

        iii.  Describe why defendant's responses are deficient;

        iv.  Describe why defendant's objections are not justified; and

        v.  Describe why the information plaintiff seeks through these requests
            is relevant to his claim.

8

c.  All pretrial motions, except motions to compel discovery, shall be filed on or before November 29, 2023.

Dated:  September 11, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB: 15
DB/DB Prisoner Inbox/Civil Rights/R/step2227.mod DSO