1
2
3
4
5
6
7

8                        UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WILLIAM STEPHENSON,                    No.  2:20-cv-2227 DB P

12                 Plaintiff,

13        v.                                ORDER

14   COUNTY OF PLACER,

15                 Defendants.

16

17        Plaintiff is a civil detainee proceeding pro se and in forma pauperis with this civil rights

18   action seeking relief pursuant to 42 U.S.C. § 1983.  He challenges his housing classification and

19   conditions of confinement while he was detained at the Placer County Jail from May 2017 to

20   April 2018.  (See ECF No. 39.)  Presently before the court is plaintiff's motion to compel

21   discovery and request for sanctions.  (ECF No. 45.)  For the reasons set forth below, the court will

22   deny the motion to compel as moot and reset the deadline for pretrial motions.

23                                **BACKGROUND**

24        On March 8, 2023, the court issued a discovery and scheduling order in this action.  (ECF

25   No. 33.)  Under the order, the parties could conduct discovery until July 7, 2023.  (Id. at 5.)  The

26   parties had until that date to file any motion to compel discovery.  (Id.)  All requests for discovery

27   pursuant to Federal Rules of Civil Procedure 31, 33, 34 or 36 were to be served on or before May

28   8, 2023.  (Id.)

On March 15, 2023, plaintiff served defendant Placer County with interrogatories, requests for admission, and a request for the production of documents.  (ECF No. 41 at 1.)  Defendant responded to the requests on May 1.  (Id.)  Plaintiff served a second set of discovery requests on June 1.  (ECF No. 42 at 2.)

On July 6, 2023, plaintiff filed a motion for modification of the discovery and scheduling order.[1]  (See ECF No. 41.)  He asked the court to modify the discovery order to permit the parties to conduct discovery until November 1, 2023.  (Id. at 3.)  The motion included a request to compel defendant to respond to plaintiff's June 1 discovery requests and to produce all documents deemed responsive to his March 15 and June 1 production requests.  (Id.)  Plaintiff also took issue with defendant's objections to some of his March 15 discovery requests.  (Id. at 1–2.)  Plaintiff sent a meet-and-confer letter to defendant on May 17, 2023, seeking to clarify defendant's objections and to "propose an alternative method for both parties to procure requested documents" because plaintiff is confined at Coalinga State Hospital.  (Id.)  According to plaintiff, defendant never responded to his letter.  (Id. at 2.)

On September 11, 2023, the court granted in part and denied the motion.  (ECF No. 44.)  It denied plaintiff's request to compel discovery.  (Id. at 8.)  It also directed the parties to confer and attempt to resolve any disputes regarding plaintiff's March 15 discovery requests and authorized plaintiff to file a motion to compel discovery should these efforts fail.  (Id. at 8.)  Finally, the court directed the parties to file all pretrial motions, except motions to compel discovery, on or before November 29, 2023.  (Id. at 9.)

Plaintiff timely filed the instant motion to compel discovery and request for sanctions on October 16, 2023.  (ECF No. 45.)  Defendant filed an opposition, and plaintiff filed a reply.  (ECF Nos. 46, 47.)

////

////

---

[1] Under the prison mailbox rule, a document is deemed served or filed on the date a prisoner signs the document and gives it to prison officials for mailing.  See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prison mailbox rule); Campbell v. Henry, 614 F.3d 105, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by incarcerated inmates).

2

1          **MOTION TO COMPEL AND REQUEST FOR SANCTIONS**

2     **I.        The parties' filings**

3              **A.  Plaintiff's Motion**

4          In the motion to compel and request for sanctions, plaintiff states that he sent defendant a

5     meet-and-confer letter on September 15, 2023.  (ECF No. 45 at 2.)  The letter concerned two

6     issues: (1) defendant's objections to some of plaintiff's March 15 interrogatories and requests for

7     admission, and (2) the production of documents deemed responsive to plaintiff's March 15

8     production requests.  (Id.)  First, defendant objected to some of plaintiff's interrogatories and

9     requests for admission as vague, as they used terms with multiple potential meanings.  (Id. at 2–

10    9.)  The September 15 letter provided modified definitions for these terms.  (Id. at 25.)  Second,

11    the letter requested that defendant mail plaintiff photocopies of the documents deemed responsive

12    to plaintiff's March 15 production requests.  (ECF No. 45 at 25.)  According to plaintiff,

13    defendant did not reply to the letter.  (Id. at 2.)

14         Plaintiff asks the court to direct defendant to supplement its responses to Requests for

15    Admission Nos. 5, 6, 7, 8, 9, and 10 and Interrogatories Nos. 2, 3, 4, and 10, using the revised

16    definitions he provided in his September 15 letter.  (Id. at 2–10.)  Plaintiff also requests that the

17    court direct defendant to mail him copies of the documents deemed responsive to his March 15

18    production requests.  (Id. at 10.)  He further requests that the court impose sanctions on defendant

19    for failing to respond to his September 15 meet-and-confer letter.  (Id. at 10.)

20             **B.  Defendant's Opposition**

21         In defendant's opposition to the motion to compel, defendant received plaintiff's initial

22    meet-and-confer letter on May 22, 2023.  (ECF No. 46; ECF No. 46-1, ¶ 4.)  Counsel received a

23    call from plaintiff on June 5, 2023, during which counsel told plaintiff that his March 15

24    discovery requests used "special definitions" that "contain multiple definitions which made

25    understanding his questions exceptionally difficult."  (ECF No. 46-1, ¶ 5.)  Counsel asked

26    plaintiff to re-serve the discovery requests with amended definitions.  (Id.)  In the alternative,

27    counsel told plaintiff he could file a motion to compel.  (Id.)  Defendant did not receive amended

28    discovery requests from plaintiff.  (Id., ¶ 6.)

Counsel acknowledges receiving plaintiff's September 15 letter.  (Id., ¶ 8.)  He states that "[m]any of [plaintiff's] proposed definitions resolve the problems contained within his [March 15] discovery requests."  (Id.)

On October 11, 2023, counsel sent plaintiff a response by mail, requesting that plaintiff re-serve his discovery requests with the amended definitions.  (Id., ¶ 9.)  Counsel explains that "[w]ithout amended requests with the new definitions, it would appear that the County answered based on the original definitions which would subject the County's responses to extreme misinterpretation."  (Id.)  Counsel also indicates that the parties have reached an agreement regarding the production of documents deemed responsive to plaintiff's March 15 production request.  (Id.)

According to counsel, since October 16, the "parties have engaged in additional meet and confer attempts including resolving an issue related to Plaintiff's deposition transcript, but have not been able to resolve issues surrounding Plaintiff's Requests for Admission or Interrogatories."  (Id., ¶ 10.)

In its memorandum, defendant asks the court to either deny plaintiff's motion in its entirety or order plaintiff to serve amended interrogatories and requests for admission that incorporate the special definitions plaintiff provided in his September 15 letter.  (ECF No. 46.)

### C.  Plaintiff's Reply

In reply, plaintiff states that he mailed the motion to compel to the court prior to receiving defendant's October 11 response to plaintiff's meet-and-confer letter.  (ECF No. 47 at 2–3.)  He also denies speaking with defendant by phone on June 5, 2023.  (Id. at 3.)  Plaintiff's reply does not address the parties' agreement regarding document production.

The reply further states that plaintiff formally served on defendant "the requested Amended Request(s) for Admissions and Request(s) for Interrogatories."  (Id. at 2.)  He provided proof of service of these requests, which shows they were served on defendant on November 10, 2023.  (Id. at 3.)

////

////

Despite these developments, plaintiff urges the court to not deny his motion to compel as moot.  (Id.)  Instead, he requests that it rule on the motion after plaintiff has received defendant's responses to his amended interrogatories and requests for admission.  (Id.)

## II.    Legal Standard – Rule 37

### A.  Motions to Compel Discovery

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection."  Fed. R. Civ. P. 37(a)(3)(B).  The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response."  Fed. R. Civ. P. 37(a)(4).  "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'"  Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

The party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution of this action.  McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute."  United States v. Chapman Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted).  Rule 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery permitted:

> Parties may obtain discovery regarding any nonprivileged information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

////

5

1   "Relevance for purposes of discovery is defined very broadly."  <u>Garneau v. City of</u>

2   <u>Seattle</u>, 147 F.3d 802, 812 (9th Cir. 1998).  "The party seeking to compel discovery has the

3   burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1).

4   Thereafter, the party opposing discovery has the burden of showing that the discovery should be

5   prohibited, and the burden of clarifying, explaining or supporting its objections."  <u>Bryant v.</u>

6   <u>Ochoa</u>, No. 07cv200 JM (PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (internal

7   citation omitted).

8                              **B.  Requests for Sanctions**

9        Federal Rule of Civil Procedure 37(d) authorizes the court to issue sanctions when a party

10   fails to serve answers to properly served interrogatories or requests for inspection of documents.

11   Fed. R. Civ. P. 37(d)(1)(A).  The court may impose a broad range of sanctions, including

12   "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or

13   from introducing designated matters into evidence," "staying further proceedings" until the party

14   has complied with discovery requirements, and "dismissing the action or proceeding in whole or

15   in part."  Fed. R. Civ. P. 37(d)(3) (incorporating sanctions from Fed. R. Civ. Proc. 37(b)(2)(A)(i)-

16   (vi)); <u>see also, e.g.</u>, <u>Wyle v. R.J. Reynolds Indus., Inc.</u>, 709 F.2d 585, 589 (9th Cir. 1983)

17   ("Federal Rule of Civil Procedure 37 authorizes the district court, in its discretion, to impose a

18   wide range of sanctions when a party fails to comply with the rules of discovery." (internal

19   citations omitted)).  The court may also order the disobedient party to pay the moving party the

20   cost of making a motion to compel.  Fed. R. Civ. P. 37(d)(3).

21      **III.    Analysis**

22        The court will deny the motion to compel and request for sanctions (ECF No. 45) as moot.

23   Plaintiff's reply represents that he has already served defendant with amended interrogatories and

24   requests for admission that incorporate the revised definitions he provided in his September 15

25   letter.  (ECF No. 46 at 2.)  Additionally, defendant states—and plaintiff does not dispute—that

26   the parties have reached an agreement regarding plaintiff's March 15 production requests.  (ECF

27   No. 46-1, ¶ 9; <u>see</u> ECF No. 47.)

28   ////

1        The court declines to postpone its ruling on the motion to compel until after plaintiff has

2   received defendant's responses to the above referenced amended interrogatories and requests for

3   admission.  The pending motion asks the court to direct defendant to respond to the specified

4   discovery requests using the definitions provided in plaintiff's September 15 letter, because

5   plaintiff had not yet received defendant's response to the letter.  Since plaintiff filed the motion,

6   plaintiff has received defendant's response to the letter and has served amended discovery

7   requests on defendant.  (ECF No. 46-1, ¶¶ 9, 10.)  At this point in time, it has yet to be

8   determined whether plaintiff will take issue with any of defendant's responses to his amended

9   discovery requests.  To the extent that he does, plaintiff must engage in a meet and confer process

10  with defendant and if that is not successful, a motion to compel will need to be filed.  See McCoy

11  v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis

12  v. Cambra, No. 1:02-cv-5646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).

13       Given that the court will deny the motion to compel as moot, it will also deny plaintiff's

14  request for sanctions.  The parties' filings show that defendant has complied with the court's

15  September 11, 2023 order and has attempted to work with plaintiff to resolve the discovery

16  dispute.  (ECF No. 46-1, ¶¶ 9, 10; ECF No. 47.)  Sanctions are therefore unwarranted.

17       Additionally, the court will reset the deadline for pretrial motions.  "A schedule may be

18  modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "The

19  decision to modify a scheduling order is within the broad discretion of the district court."  City of

20  Lincoln v. County of Placer, --- F. Supp. 3d ---, 2023 WL 2776091, at *6 (E.D. Cal. 2023).

21       Currently, pretrial motions except for motions to compel are due on or before November

22  29, 2023.  (ECF No. 44 at 8.)  The court finds that the parties have complied with the court's

23  September 11, 2023 order (ECF No. 44) and have attempted to resolve their discovery dispute.

24  Furthermore, plaintiff served his amended discovery requests on defendant on November 10, and

25  the parties will require additional time for defendant to submit its responses and plaintiff to

26  review them.  Plaintiff may also wish to renew his motion to compel, based on defendant's

27  responses to the amended requests.  Good cause appearing, the court will change the deadline for

28  all pretrial motions except motions to compel to January 29, 2024.

1

**CONCLUSION**

2      IT IS HEREBY ORDERED that:

3   1. Plaintiff's motion to compel discovery and request for sanctions (ECF No. 45) is

4          denied as moot.

5   2. Plaintiff may file a renewed motion to compel not later than thirty days from the date

6          of service of this order.  Any motion to compel shall:

7              a. Identify which interrogatories, requests for admission, or requests for

8                  production are the subject of the motion to compel, along with copies of

9                  those requests;

10             b. Identify which of defendant's responses plaintiff is disputing, along with

11                 copies of those responses;

12             c. Describe why defendant's responses are deficient;

13             d. Describe why defendant's objections are not justified; and

14             e. Describe why the information plaintiff seeks through these requests is

15                 relevant to his claim.

16  2. All pretrial motions, except motions to compel discovery, shall be filed on or

17         before January 29, 2024.

18

19  Dated:  November 28, 2023

20

21

22  DB: 15
    DB/DB Prisoner Inbox/Civil Rights/R/step2227.mtc

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28

8